2165 sbk.avs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREAT AMERICAN INSURANCE COMPANY )
a/s/o RALPH WILLIAM LOVE, )
　 )
Plaintiff, )
　 )
v. )
　 )
GO OMAHA EXPRESS, LLC, and )
WILLIAM L. BOWERS, individually and as agent )
of GO OMAHA EXPRESS, LLC, )
　 )
Defendants. )

FILED: APRIL 15, 2008
No. 08CV2133         TG
JUDGE ASPEN
MAGISTRATE JUDGE BROWN

## NOTICE OF REMOVAL

Now comes the Defendants, GREATER OMAHA EXPRESS, LLC (also known as GO EXPRESS and herein incorrectly captioned as GO OMAHA EXPRESS, LLC) and WILLIAM L. BOWERS, by and through their attorneys, HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, pursuant to 28 U.S.C. Section 1441, *et seq.*, and LR 81.2 hereby removes this action from the Circuit Court of Will County to this Court and in support of its Notice of Removal, states as follows:

1.      On March 18, 2008, Plaintiff filed its Complaint at Law in the Circuit Court of Will County, Illinois, Docket No. 2008 L 000214. A copy of said Complaint is attached hereto as Exhibit "A."

2.      Defendant GREATER OMAHA EXPRESS, LLC was served with said Complaint on March 18, 2008.

3.    Defendant WILLIAM L. BOWERS was served with said Complaint on March 22, 2008.

4.    The Plaintiff is incorporated in the State of Ohio with its principal place of business in Ohio. See Pleadings of Great American Insurance Company, Exhibit "B."

5.    Defendant GREATER OMAHA EXPRESS, LLC is a corporate citizen of and its principal place of business is in Nebraska. See Affidavit of Steve Barndt, Exhibit "C."

6.    Defendant WILLIAM L. BOWERS is a citizen of, and domiciled in, the State of Nebraska. See Affidavit of William L. Bowers, Exhibit "D."

7.    All that is required for a removal is a "reasonable probability" that more than $75,000.00 is in controversy. *Shaw v. Dow Brands*, 994 F.2d 364, 366 n2 (7th Cir. 1993). The nature of the claim alleged in the Complaint usually makes it simple for a Judge to determine whether it is more likely true than not that the amount in controversy exceeds the jurisdictional requirement. *See, e.g., McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941-42 (N.D. IL 2002) (the amount in controversy is generally "obvious from a common-sense reading of the Complaint").

8.    Here, the Plaintiff alleges that its subrogee Ralph William Love has sustained damage to his property in an amount in excess of $50,000. See, Exhibit "A." Plaintiff has previously disclosed via correspondence that said property damages exceeds $100,000. See Exhibit "E.". Given the nature of the accident at issue in the instant action (which is a collision between three tractor-trailers) plaintiff's own pleadings and allegations, and plaintiff's previous correspondence, clearly it is without question that the amount in controversy exceeds $75,000.00.

9.    Both Defendants bring this Motion and join in it.

10.    Plaintiff's counsel will be served with written notice of this Notice of Removal in accordance with the Federal Rules of Civil Procedure or, alternatively, through electronic filing by the Court. A true and accurate copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Will County, advising the Circuit Court that the matter has been removed to Federal Court. A true and accurate copy of the Notice of Removal has been filed with the Clerk of the District Court for the United State District Court, Northern District of Illinois, Eastern Division.

WHEREFORE, Defendants, GREATER OMAHA EXPRESS, LLC and WILLIAM L. BOWERS, respectfully request that this Honorable Court remove this action from the Circuit Court of Will County to this Court for further proceedings, and further, for any additional relief that this Court deems just.

Respectfully submitted,

HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC

/s/ Shimon B. Kahan
Shimon B. Kahan - ARDC No. 6207172
HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
Attorney for Defendant
200 W. Adams St., Ste. 500
Chicago, IL 60606-5215
Tel: (312) 332-6644
skahan@hskolaw.com

08CV2133              TG

JUDGE ASPEN

MAGISTRATE JUDGE BROWN

05-478/KCA

## IN THE CIRCUIT COURT OF THE 12ᵀᴴ JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

|  |  |  |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY a/s/o RALPH WILLIAM LOVE, | ) ) ) | **08 L  214** |
| Plaintiff, | ) ) |  |
| v. | ) ) | Case No.: |
| GO OMAHA EXPRESS, LLC, and WILLIAM L. BOWERS, individually and as agent of GO OMAHA EXPRESS, LLC, | ) ) ) ) | |
| Defendants. | ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, GREAT AMERICAN INSURANCE COMPANY a/s/o

RALPH WILLIAM LOVE, by and through its attorneys, NIELSEN, ZEHE & ANTAS, P.C., and

complains of the Defendants, GO OMAHA EXPRESS, LLC, and WILLIAM L. BOWERS,

individually and as agent of GO OMAHA EXPRESS, LLC, as follows:

1.    On or about August 31, 2007, I-80 was a public highway traveling in a general

east/west direction in or near the Joliet Township, Will County, State of Illinois.

2.    At the aforesaid time and place, Plaintiff, RALPH WILLIAM LOVE (hereinafter

"LOVE") was operating his commercial motor vehicle westbound on I-80.

3.    At the aforesaid time and place, Defendants, GO OMAHA EXPRESS, LLC

(hereinafter "GO EXPRESS") through its agent WILLIAM L. BOWERS (hereinafter

"BOWERS"), operated, managed, maintained and controlled a commercial motor vehicle

westbound on I-80.

**EXHIBIT**

tabbies

A

Initial case management set for

4-1-08 at: 9 a.m.

4.    At the aforesaid time and place, Defendant, the GO EXPRESS vehicle came into contact with the vehicle of the Plaintiff, LOVE.

5.    At all times herein relevant, GO EXPRESS had a duty to operate its vehicle in a safe and careful manner.

6.    On or about August 31, 2007, Defendants, GO EXPRESS through its agent BOWERS, was negligent in one or more of the following respects:

a.    Negligently operated, managed, maintained, and controlled his motor vehicle;

b.    Operated, managed, maintained, controlled and drove a motor vehicle into collision with the rear end of the motor vehicle then and there operated by the Plaintiff;

c.    Operated his motor vehicle without keeping a proper and sufficient lookout;

d.    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Compiled Statutes, 625 ILCS 5/11-601;

e.    Failed to decrease speed so as to avoid colliding with another vehicle (or person), in violation of 625 ILCS 5/11-601.

f.    Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of 625 ILCS Section 11-710;

g.    Operated his motor vehicle without keeping a proper and sufficient lookout;

h.    Recklessly operated his motor vehicle in violation of 625 ILCS 5/11-503;

i.    Failed to equip said vehicle with adequate brakes, in violation of 625 ILCS 5/12-301; and

j.    Failed to give audible warning with his horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

2

k.      Was otherwise negligent and careless.

7.      As a direct and proximate result of one or more of the aforesaid negligent acts or

omissions of Defendant, BOWERS, individually and as agent of GO OMAHA EXPRESS, LLC,

Plaintiff, LOVE, sustained injuries to his property.

WHEREFORE, Plaintiff GREAT AMERICAN INSURANCE COMPANY a/s/o RALPH

WILLIAM LOVE, demands judgment against the Defendants, GO OMAHA EXPRESS, LLC

and WILLIAM L. BOWERS, individually and as agent of GO OMAHA EXPRESS, LLC, in an

amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

Respectfully submitted,

NIELSEN, ZEHE & ANTAS, P.C.

Kenneth C. Apicella

Kenneth C. Apicella
NIELSEN, ZEHE & ANTAS, P.C.
55 West Monroe Street, Suite 1800
Chicago, Illinois 60603
312-322-0900
312-322-9977 fax

Attorneys for Plaintiff

3

03/13/2008  13:41   4023840065                 GO                          PAGE  06/06



"I hereby appoint

to serve the within writ."

SHERIFF

Date: _____

STATE OF ILLINOIS)
　　　　　　 )SS
COUNTY OF WILL )

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

Great American Insurance Company, et al.

**08 L 214**

VS                                          CASE NO:

Go Omaha Express, LLC., et al.

## SUMMONS

To each defendant:

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court
**Will County Courthouse** _____ Building, Room_____

**14 W Jefferson Street, Joliet, IL 60432** _____, Illinois within 30 days after service

(Address)            (City)                                          of this summons, not

counting the day of service. **IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR
THE RELIEF ASKED IN THE COMPLAINT.**

To the officer:

Please serve defendant: Go Omaha Express, LLC, 4626 Dahlman, Omaha, NE 68107

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if
any, immediately after service. If service cannot be made, summons shall be returned to endorsed.

This summons may not be served later than 30 days after its date.

MAR 1 4 2008

WITNESS:_____, 20_____

(Seal of Court)                      **PAMELA J McGUIRE**

**PAMELA J. McGUIRE**
Clerk of the Circuit Court
BY:_____
(Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
NAME: Nielsen, Zehe & Antas, P.C.
ARDC# 6269344
Attorney for; Plaintiff
Address: 55 W. Monroe Street, Suite 1800
City: Chicago, Illinois 60603
Telephone: (312) 322-9900

I hereby certify that this is a true
copy of the original writ with all
the endorsements thereon.
TIMOTHY F. DUNNING
Sheriff

By CR 977898

08CV2133          TG

JUDGE ASPEN

MAGISTRATE JUDGE BROWN    IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS    JUDGE ZAGEL

---

GREAT AMERICAN INSURANCE COMPANY,

    Plaintiff,

v.

FTD, INC. (f/k/a IOS BRANDS
CORPORATION) and FLORISTS'
TRANSWORLD DELIVERY, INC.,

    Defendants.

**03C  4588**

Civil Action No.

MAGISTRATE JUDGE DENLOW

DOCKETED
JUL 0 2 2003

FILED
03 JUL -1 PM 4:33

---

## COMPLAINT FOR DECLARATORY RELIEF

GREAT AMERICAN INSURANCE COMPANY (hereinafter referred to as "Great American"), for its Complaint for Declaratory Relief against FTD, INC. (f/k/a IOS BRANDS CORPORATION and hereinafter referred to as "IOS") and FLORISTS' TRANSWORLD DELIVERY, INC. (hereinafter referred to as "FTDI"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1.    This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

2.    Great American is incorporated in Ohio with its principal place of business in Ohio.

3.    On information and belief, IOS is incorporated in Delaware with its principal place of business in Illinois.

4.    On information and belief, IOS wholly owns FTDI, which is incorporated in Michigan with its principal place of business in Illinois.

5.    This Court has proper subject matter jurisdiction over this action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

**EXHIBIT**

_B_

1-1

IN THE UNITED STATES DI
FOR THE NORTHERN DISTR
EASTERN DIVIS

06CV4554
JUDGE ANDERSEN
MAGISTRATE JUDGE ASHMAN

GREAT AMERICAN INSURANCE
COMPANY, an Ohio corporation,

    Plaintiff,

    v.

BALLY TOTAL FITNESS HOLDING
CORPORATION, a Delaware corporation,

    Defendant.

F I L E D
'L'AL'

AUG 2 2 2006
AUG 22 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

)
)
)
)
)   Case No.
)
)
)   **JURY TRIAL DEMANDED**
)
)
)

## COMPLAINT FOR RESCISSION

NOW COMES Great American Insurance Company ("GAIC") and for its
Complain t for Rescission ("Complaint") against Bally Total Fitness Holding Corporation
("Bally") states as follows:

### Nature of the Action

1.    GAIC brings this action to rescind and have declared void *ab initio* certain
primary directors' and officers' liability insurance Policies (as hereinafter defined) that it
issued to Bally. GAIC underwrote and issued the Policies in reliance upon applications
submitted to it by or on behalf of Bally. Unbeknownst to GAIC, these applications,
which included various financial statements of Bally, contained materially false and
misleading information and seriously misstated Bally's true financial condition.

2.    As detailed below, after the Policies were issued (and after a number of
claims had been reported by Bally), Bally issued press releases in which it announced,
*inter alia*, that it had changed its accounting method for membership revenues, had
reduced the balance sheet carrying value of its deffered tax assets, and had corrected

**The Plaintiff**

7.      Plaintiff GAIC is an Ohio corporation with its principal place of business in Cincinnati, Ohio. GAIC underwrote and issued to Bally primary Directors', Officers', Insured Entity and Employment Practices Liability Insurance Policy No. DOL5741464 for the Policy Period June 30, 2001 to June 30, 2002, with an Aggregate Limit of Liability for the Policy Period of $20,000,000 (the "01/02 Policy") and primary Directors', Officers', Insured Entity and Employment Practices Liability Insurance Policy No. DOL5741464 for the Policy Period June 30, 2002 to June 30, 2003, with an Aggregate Limit of Liability for the Policy Period of $10,000,000 (the "02/03 Policy") (the 01/02 Policy and the 02/03 Policy sometimes referred to herein as the "Policies"). Each of the "Bally Matters" (as briefly discussed above and as hereinafter defined) has been reported by Bally to GAIC under either the 01/02 Policy or the GAIC 02/03 Policy. True and accurate copies of the 01/02 Policy and the 02/03 Policy are included as Exhibits A and B, respectively, in the Appendix of Exhibits to Complaint for Rescission ("Appendix") filed together herewith, and are incorporated by reference herein.

**The Defendant**

8.      Defendant Bally is a Delaware corporation with its principal place of business in Chicago, Illinois. Bally and certain of its officers and/or directors were named as defendants in a number of securities class actions pending in the United States District Court for the Northern District of Illinois, including *Petkun, et al. v. Bally Total Fitness Holding Corp., et al.,* Case No. 04c 3530, which cases (collectively, the "Securities Litigation") have now been consolidated under the same case number as *Petkun.*

**F I L E D**

FEB 2 4 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

————————————————————X

GREAT AMERICAN INSURANCE COMPANY,

        Plaintiff,

      v.

K & R TRANSPORTATION, INC., and
SONY ELECTRONICS, INC.,

        Defendants.

————————————————————X

CIVIL ACTION No. _____

**04C 1451**

**NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT**

JUDGE PLUNKETT

MAGISTRATE JUDGE ASHMAN

**TO:  THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS AND ALL INTERESTED PERSONS**

    PLEASE TAKE NOTICE that SONY ELECTRONICS, INC. ("SONY"), one of the above-

named defendants and petitioner herein, hereby removes the above-entitled action from the Circuit

Court of Cook County of the State of Illinois, Chancery Division, to the United States District Court

for the Northern District of Illinois, pursuant to 28 U.S.C. § 1446. In support of its petition, SONY

alleges as follows:

    1.    On or about December 30, 2003, plaintiff GREAT AMERICAN INSURANCE

COMPANY ("GREAT AMERICAN") commenced the above-entitled action in the Circuit Court of

Cook County of the State of Illinois, Chancery Division, under Case No. 03CH21837. (A copy of

the summons and complaint is annexed hereto as **Exhibit 1**.)



2.      Petitioner was served with the summons and complaint by the Sangamon County Sheriffs Office on January 26, 2004.  (A copy of the proof of service is annexed hereto as **Exhibit 2.**)

3.      Petitioner is incorporated under the laws of the State of Delaware with its principal place of business at 1 Sony Drive, Park Ridge, New Jersey 07656.

4.      Plaintiff is incorporated under the laws of the State of Ohio with its principal place of business at 580 Walnut Street, Cincinnati, OH 45202.

5.      Defendant K & R TRANSPORTATION, INC. ("K&R") was incorporated under the laws of the State of Illinois with its principal place of business at 3057 West Washington Avenue, Waukegan, IL 60085.

6.      Defendant K&R operated as a motor common carrier and motor contract carrier under Docket No. MC-158123 issued by the Federal Motor Carrier Safety Administration ("FMCSA").

7.      Between November 15, 1996 and February 2, 2000, plaintiff issued to defendant K&R certain Motor Truck Cargo Liability Policies along with Form BMC-32 Endorsements, pursuant to federal law, 49 U.S.C. § 13906 and 49 C.F.R. § 387.303(c).

8.      The insurance policies and BMC-32 Endorsements thereto provided coverage of claims for loss of or damage to property belonging to K&R's customers incurred while K&R was performing transportation services on behalf of its customers.

9.      Plaintiff's action in the Illinois state court arises from an action commenced by defendant SONY against defendant K&R in the U.S. District Court for the District of New Jersey under Civil Action No. 01-CIV-1942, captioned as *Sony Electronics, Inc. v. K&R Transportation, Inc.* (the "New Jersey Case").

2

10.     The New Jersey case was commenced by defendant SONY, pursuant to 49 U.S.C. § 14706 and 28 U.S.C. § 1337(a), for the recovery of some 128 claims totaling $261,559.40 for loss of and damage to defendant SONY's property, which occurred while in the care, custody and control of defendant K&R.

11.     Because defendant K&R failed to answer or otherwise appear in the New Jersey Case, defendant SONY obtained a default judgment against defendant K&R in the amount of $266,925.88 (inclusive of interest).

12.     Plaintiff's action in the Illinois State Court seeks a declaratory judgment as to its obligations and liability, if any, to the defendants K&R and SONY under the terms and conditions of the Motor Truck Cargo Liability Policies and the Form BMC-32 endorsement thereto that it issued to defendant K&R, and with respect to the 128 claims for loss and damage to freight asserted by defendant SONY against defendant K&R.

13.     Plaintiff's action in the Illinois state court falls within the jurisdiction of the federal court by virtue of 28 U.S.C. § 1332, in that parties to this action are citizens of different states and that the matter in controversy exceeds $75,000 excluding interest and costs.

14.     Plaintiff's action in the Illinois State Court falls within the jurisdiction of this Federal Court by virtue of 28 U.S.C. § 1352 because it is an action based on a bond (*i.e.*, the Form BMC-32 Endorsement) executed under federal law, 49 U.S. § 13906.

15.     Plaintiff's action in the Illinois State Court falls within the jurisdiction of this Federal Court by virtue of 28 U.S.C. § 1337(a), in that the underlying action seeks a determination of liability under 49 U.S.C. § 14706 and the matter and controversy exceeds $10,000 exclusive of interest.

16.     Upon information and belief, defendant K&R is no longer in business, and, as such,

3

prior to filing the instant Notice of Removal, defendant SONY has been unable to communicate with defendant K&R to secure its consent in removing the above-entitled action to this Court..   (See Affidavit of Attorney Raymond A. Selvaggio annexed hereto as **Exhibit 3**.)

17.     The records of the Secretary of State, Corporations Division for the State of Illinois show that the corporate entity of defendant K&R was involuntarily dissolved on or about February 2, 2002. (See Attorney Affidavit annexed hereto as **Exhibit 3**.)

18.     The records of the FMCSA show that defendant K&R's common carrier authority was revoked May 9, 2001 and its contract carrier authority was revoked February 21, 2002. (See Attorney Affidavit annexed hereto as **Exhibit 3**.)

19.     Defendant K&R has not filed a petition for bankruptcy protection. (See Attorney Affidavit annexed hereto as **Exhibit 3**.)

20.     For all the foregoing reasons, defendant SONY was, and is, unable to obtain defendant K&R's consent to this Notice of Removal prior to the instant filing.

21.     Because defendant SONY has been unable to obtain defendant K&R's consent to this Notice of Removal, defendant SONY hereby requests that this Court deem defendant K&R's consent unnecessary for its consideration of this Notice of Removal.

22.     No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, Petitioner prays that the above-entitled action now pending in the Circuit Court of Cook County of the State of Illinois, Chancery Division, be removed from said state court to this Court, the United States District Court for the Northern District of Illinois.

4

Respectfully submitted,

SONY ELECTRONICS, INC.

By: _____
One of its attorneys

Bruce C. Spitzer
Christopher A. Kreid
METGE, SPITZER & KREID
Attorneys for Defendant
33 North LaSalle Street, Suite 1133
Chicago, Illinois  60602
(312) 580-1710

OF COUNSEL:
Raymond A. Selvaggio
AUGELLO, PEZOLD & HIRSCHMANN, P.C.
120 Main Street
Huntington, New York  11743
(631) 427-0110

5

Civil Cover Sheet    04-01451    Document 1    Filed 02/24/2004    Page 7 of 8    **Page 1 of 1**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

## Civil Cover Sheet

FILED FEB 24 04

FEB 2 0 2004

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

---

| | |
|---|---|
| **Plaintiff(s): GREAT AMERICAN INSURANCE COMPANY** | **Defendant(s):K & R TRANSPORTATION, INC. and SONY ELECTRONICS, INC.** |
| County of Residence: | County of Residence: Cook |
| Plaintiff's Atty: Stone & Moore, Chartered 30 N. LaSalle St., Suite 4300 Chicago, IL 60602 (312) 332-5656 | Defendant's Atty: Metge, Spitzer & Kreid 33 N. LaSalle St., Suite 1133 Chicago, IL 60602-5207 (312) 580-1710 |

---

**II. Basis of Jurisdiction:**   **4. Diversity (complete item III)**

**04C 1451**

**III. Citizenship of Principal Parties (Diversity Cases Only)**

Plaintiff:-2 Citizen of Another State
Defendant:-1 Citizen of This State

**JUDGE PLUNKETT**

**IV. Origin :**   **2. Removed From State Court**

**MAGISTRATE JUDGE ASHMAN**

**V. Nature of Suit:**   **110 Insurance**

**VI.Cause of Action:**   **This is an action for declaratory judgment as to applicability of motor carrier cargo insurance to freight claims relating to shipments in interstate commerce. One of the bases for jurisdiction is diversity, 49 USC 1332.**

**VII. Requested in Complaint**
   Class Action: **No**
   Dollar Demand: **$261,559.40**
   Jury Demand: **No**

**VIII. This case IS NOT a refiling of a previously dismissed case.**

---

Signature: _Bruce C. Spitzer_

Date: ___2/23/04___

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

1-2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

In the Matter of

GREAT AMERICAN INSURANCE COMPANY

v.

K & R TRANSPORTATION, INC., et al.

**04C 1451**

Case Number

FILED-ED4
04 FEB 24 PM 3: 17
CLERK, U.S. DISTRICT COURT

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Sony Electronics, Inc., Defendant

JUDGE PLUNKETT

MAGISTRATE JUDGE ASHMAN

| (A) | | | (B) | | |
|---|---|---|---|---|---|
| SIGNATURE *Bruce C Spitzer* | | | SIGNATURE *Christopher A. Kreid* | | |
| NAME Bruce C. Spitzer | | | NAME Christopher A. Kreid | | |
| FIRM Metge, Spitzer & Kreid | | | FIRM Same as (A) | | FEB 2 6 2004 |
| STREET ADDRESS 33 N. LaSalle Street, Suite 1133 | | | STREET ADDRESS Same as (A) | | |
| CITY/STATE/ZIP Chicago, IL 60602 | | | CITY/STATE/ZIP Same as (A) | | |
| TELEPHONE NUMBER (312) 580-1710 | FAX NUMBER (312) 580-1711 | | TELEPHONE NUMBER Same as (A) | FAX NUMBER (Same as (A) | |
| E-MAIL ADDRESS bcspitzer@msklaw.com | | | E-MAIL ADDRESS ckreid@msklaw.com | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 02691604 | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06194430 | | |
| MEMBER OF TRIAL BAR? | YES ☑ | NO ☐ | MEMBER OF TRIAL BAR? | YES ☑ | NO ☐ |
| TRIAL ATTORNEY? | YES ☑ | NO ☐ | TRIAL ATTORNEY? | YES ☐ | NO ☑ |
| | | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ |
| (C) | | | (D) | | |
| SIGNATURE | | | SIGNATURE | | |
| NAME | | | NAME | | |
| FIRM | | | FIRM | | |
| STREET ADDRESS | | | STREET ADDRESS | | |
| CITY/STATE/ZIP | | | CITY/STATE/ZIP | | |
| TELEPHONE NUMBER | FAX NUMBER | | TELEPHONE NUMBER | FAX NUMBER | |
| E-MAIL ADDRESS | | | E-MAIL ADDRESS | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ |
| TRIAL ATTORNEY? | YES ☐ | NO ☐ | TRIAL ATTORNEY? | YES ☐ | NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ |

CIVIL COVER SHEET

06CV4554
JUDGE ANDERSEN
MAGISTRATE JUDGE ASHMAN

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**
AUG 2 8 2006
AUG 22 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**(a) PLAINTIFFS**

Great American Insurance Company

**DEFENDANTS**

Bally Total Fitness Holding Corporation

**(b)** County of Residence of First Listed Plaintiff  Hamilton County, Ohio
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Cook County, Illinois
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Surdyk & Baker
225 West Washington, Suite 2200, Chicago, IL 60606
312.924.2818

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (excl. vet.) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Satellite TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Inj. | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Security/Commodity/Exch. |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 ADA—Employment | [ ] 540 Mandamus & Other | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 ADA — Other | [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

**VII. PREVIOUS BANKRUPTCY MATTERS** (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary)

**VIII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint
- JURY DEMAND: [X] Yes  [ ] No

**IX. This case**
- [X] is not a refiling of a previously dismissed action.
- [ ] is a refiling of case number _____, previously dismissed by Judge _____

DATE  August 22, 2006

SIGNATURE OF ATTORNEY OF RECORD  ROBERT C. BAKER

# SEE CASE FILE FOR EXHIBITS

2165 sbk.avs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY | ) | |
| a/s/o RALPH WILLIAM LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| GO OMAHA EXPRESS, LLC, and | ) | |
| WILLIAM L. BOWERS, individually and as agent | ) | |
| of GO OMAHA EXPRESS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF GREATER OMAHA EXPRESS, LLC

1.    My name is Steven Barndt.  I am an adult over the age of twenty-one (21).  If I were in Court, I would testify to the above as true and accurate.

2.    Greater Omaha Express, LLC is located at 4626 Dahlman Ave. Omaha, NE 68107.

3.    Greater Omaha Express, LLC is incorporated in the State of Nebraska

4.    It has its principle place of business in the State of Nebraska at 4626 Dahlman Ave, Omaha, NE. 68107.

5.    It does not own any property in the State of Illinois.  It is not domiciled in Illinois.

_____
Steven Barndt, Representative of Greater Omaha Express, LLC

**EXHIBIT**

tabbies®

C

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____

Steven Barndt, Representative of Greater Omaha Express, LLC

08CV2133           TG
JUDGE ASPEN
MAGISTRATE JUDGE BROWN

2165 sbk.avs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY<br>a/s/o RALPH WILLIAM LOVE,<br><br>Plaintiff,<br><br>v.<br><br>GO OMAHA EXPRESS, LLC, and<br>WILLIAM L. BOWERS, individually and as agent<br>of GO OMAHA EXPRESS, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  No.<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF WILLIAM L. BOWERS

1.    My name is William L. Bowers. I am an adult over the age of twenty-one (21). If I were in Court, I would testify to the above as true and accurate.

2.    I am currently domiciled at 14864 Giles Road, Apt. 109, Omaha, NE 68138.

3.    I am a citizen of the State of Nebraska.

4.    At the time of this accident, and at the current time, I have been domiciled in, and am citizen of, the State of Nebraska.

5.    I do not own any property in the State of Illinois.

6.    I am not a citizen of or domiciled within the State of Illinois.

_William L. Bowers_
William L. Bowers

EXHIBIT

tabbies

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_William L. Bowers_

William L. Bowers

08CV2133   TG
JUDGE ASPEN
MAGISTRATE JUDGE BROWN



**GREAT**AMERICAN.
INSURANCE GROUP
TRUCKING DIVISION

49 East 4th Street
Suite 300 N
Cincinnati, OH 45202
Toll Free: (800) 297-1971
Claims Fax: (513) 369-5841

October 19, 2007

Great West Casualty
1100 West 29th Street Box 277
South Sioux City, NE 68776

RECEIVED
MRO-22
NOV 0 2 2007

C210(69
114

Attn: Claims Department

RE:   Our Insured:      Ralph Love
      Claim No.:        491002068
      Date of Loss:     08/31/2007
      Your Claim #:     GWP38764B

To Whom It May Concern:

We have been informed that you are the insurance carrier for Go Omaha Express.

Our investigation has established that your insured driver William Bowers, was liable for our insured's damage as a result of the accident that occurred on the above-mentioned date where your insured struck our insured in the rear pushing our insured vehicle into another vehicle in Joliet Township, IL. We have made payment to our insured in the amount of $124,046.61 less $12,000.00 in salvage. This figure is after the deduction of our insured's $1,000.00 deductible. Please forward you draft in the amount of $113,046.61 to Great American Insurance 49 East 4th Street Ste 300N Cincinnati, OH 45202.

Please find attached documentation supporting my subrogation demand.
Should you have any questions or wish to discuss this further, please feel free to call. My telephone number is 800-297-1971 ext 16544.

Sincerely,

Kristen D. Meyer
Great American Insurance Co.
Trucking Claims Department

**EXHIBIT**
tabbies
E