2165 sbk.avs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREAT AMERICAN INSURANCE COMPANY )
a/s/o RALPH WILLIAM LOVE, )
                          )
Plaintiff, )
                          )
     v. )   No. 2008 CV 02133
                          )
GO OMAHA EXPRESS, LLC, and )   Judge Marvin E. Aspen
WILLIAM L. BOWERS, individually and as agent )
of GO OMAHA EXPRESS, LLC, )   Magistrate Judge Brown
                          )
Defendants. )

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

Now come Defendants, GO OMAHA EXPRESS, LLC and WILLIAM L. BOWERS, by and through their attorneys, HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, and in support of their *Answer to Plaintiff's Complaint at Law*, states as follows:

1.     On or about August 31, 2007, I-80 was a public highway traveling in a general east/west direction in or near the Joliet Township, Will County, State of Illinois.

**ANSWER:**     Defendants admit the allegations of Paragraph 1.

2.     At the aforesaid time and place, Plaintiff, RALPH WILLIAM LOVE (hereinafter "LOVE") was operating his commercial motor vehicle westbound on I-80.

**ANSWER:**     Defendants admit the allegations of Paragraph 2.

3.     At the aforesaid time and place, Defendants, GO OMAHA EXPRESS, LLC (hereinafter "GO EXPRESS") through its agent WILLIAM L. BOWERS (hereinafter "BOWERS"), operated, managed, maintained and controlled a commercial motor vehicle westbound on I-80.

**ANSWER:**    Defendant denies allegations of control and management as vague and as legal conclusion.  Defendants admit the remaining allegations of Paragraph 3.

4.    At the aforesaid time and place, Defendant, the GO EXPRESS vehicle came into contact with the vehicle of the Plaintiff, LOVE.

**ANSWER:**    Defendants admit that the vehicle of Defendant, GREATER OMAHA EXPRESS, LLC (incorrectly captioned as GO EXPRESS, LLC) and vehicle of Plaintiff came into contact, but deny any negligence in association with said contact and further deny any and all remaining allegations of Paragraph 4.

5.    At al times herein relevant, GO EXPRESS has a duty to operate its vehicle in a safe and careful manner.

**ANSWER:**    Defendants admit to only those duties imposed upon them by law, and denies any and all remaining allegations of negligence of Paragraph 5.

6.    On or about August 31, 2007, Defendants, GO EXPRESS through its agent BOWERS, was negligent in one or more of the following respects:

a)    Negligently operated, managed, maintained, and controlled his motor vehicle;

b)    Operated, managed, maintained, controlled and drove a motor vehicle into collision with the rear end of the motor vehicle then and there operated by the Plaintiff;

c)    Operated his motor vehicle without keeping a proper and sufficient lookout;

d)    Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property, in violation of Illinois Complied Statutes, 625 ILCS 5/11-601;

e)    Failed to decrease speed so as to avoid colliding with another vehicle (or person), in violation of 625 ILCS 5/11-601;

f)    Followed Plaintiff's vehicle more closely than was reasonable and prudent, in violation of 625 ILCS Section 11-710;

    g)    Operated his motor vehicle without keeping a proper and sufficient lookout;

    h)    Recklessly operated his motor vehicle in violation of 625 ILCS 5/11-503;

    i)    Failed to equip said vehicle with adequate brakes, in violation of 625 ILCS 5/12-301; and

    j)    Failed to give audible warning with his horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601.

**ANSWER:**    Defendants deny the allegations of Paragraph 6, including subparagraphs (a) through (j), inclusive.

7.    As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of Defendant, BOWERS, individually and as agent of GO OMAHA EXPRESS, INC., Plaintiff, LOVE, sustained injuries to his property.

**ANSWER:**    Defendants deny the allegations of Paragraph 7.

WHEREFORE, GO OMAHA EXPRESS, LLC and WILLIAM L. BOWERS, pray that the Court enter judgment in favor of the Defendants and against the Plaintiff GREAT AMERICAN INSURANCE COMPANY a/s/o RALPH WILLIAM LOVE, and pray that the Court dismiss Plaintiff's cause of action with prejudice and costs to the Defendants.

DEFENDANTS DEMAND TRIAL BY JURY.

    Respectfully submitted,

    HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC

    /s/ Shimon B. Kahan
    Shimon B. Kahan - ARDC No. 6207172
    Haynes, Studnicka, Kahan, O'Neill & Miller, LLC
    200 W. Adams St., Ste. 500
    Chicago, IL 60606-5215
    Tel: (312) 332-6644
    skahan@hskolaw.com

3